UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

PETER BORREGGINE,

      Plaintiff,

v.

PROKARMA, INC., *et al.*,

      Defendants.

CASE NO. C18-0336 RSM

ORDER DENYING MOTION TO APPOINT COUNSEL

THIS MATTER comes before the Court on Plaintiff's Motion to Appoint Counsel. Dkt. #6. Plaintiff asks the Court to appoint counsel in this employment-related case on the basis that he has contacted numerous attorneys and they have declined to take his case. *Id.* Plaintiff has been granted leave to proceed *in forma pauperis* in this matter. Dkt. #4. The Complaint was filed on March 21, 2018, and summonses have recently been issued.

In civil cases, the appointment of counsel to a *pro se* litigant "is a privilege and not a right." *United States ex. Rel. Gardner v. Madden,* 352 F.2d 792, 793 (9th Cir. 1965) (citation omitted). "Appointment of counsel should be allowed only in exceptional cases." *Id.* (citing *Weller v. Dickson,* 314 F.2d 598 (9th Cir. 1963)). A court must consider together "both the likelihood of success on the merits and the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Weygandt v. Look,* 718 F.2d 952, 954 (9th Cir. 1983). Even where the claim is not frivolous, counsel is often unwarranted where the

ORDER
PAGE - 1

litigant's chances of success are extremely slim. *See Mars v. Hanberry,* 752 F.2d 254, 256 (6th Cir. 1985).

Plaintiff alleges that he suffered discriminatory employment termination on the basis of his age, race and national origin. Dkt. #5. At this early stage of the litigation, the Court cannot find that Plaintiff is entitled to appointment of counsel. It does not yet appear that any exceptional circumstances exist, and there is no record before the Court that would allow the Court to examine whether Plaintiff's claims appear to have merit. Moreover, the Court also notes that prior to filing his suit, Plaintiff made a complaint to the Equal Employment Opportunity Commission ("EEOC"). The EEOC made no determination with respect to the alleged discrimination; rather, it dismissed Plaintiff's claims on the basis that he had signed a severance agreement with a release and waiver. Dkt. #5. Ex. 7. Thus, it may be that this Court will not have jurisdiction over Plaintiff's claims. In addition, Title VII does not provide an automatic right to counsel for employment discrimination claims. *See* 42 U.S.C. § 2000e-5(f)(1). .

Accordingly, the Court hereby finds and ORDERS that Plaintiff's Motion to Appoint Counsel (Dkt. #6) is DENIED without prejudice. This Order does not preclude Plaintiff from re-filing this Motion once a factual record pertaining to his claims has been more fully developed.

DATED this 13th day of April 2018.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE