UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

PETER BORREGGINE, )
) CASE NO. C18-0336RSM
Plaintiff, )
) AMENDED ORDER GRANTING
v. ) MOTION TO DISMISS
)
PROKARMA, INC., *et al.*, )
)
Defendants. )
)

## I. INTRODUCTION

This matter comes before the Court on Defendants' Motion to Dismiss. Dkt. #18. Defendants argue that Plaintiff's claims should be dismissed in their entirety, with prejudice, because the claims were released in a severance agreement, Plaintiff failed to properly exhaust his administrative remedies, and Plaintiff's claims are time-barred. *Id.* Plaintiff opposes the motion, and appears to ask that his time for filing and/or failure to exhaust be tolled and/or excused. Dkt. #21. For the reasons discussed below, Plaintiff's claims will be dismissed.

## II. BACKGROUND

Plaintiff filed a Motion to Proceed In Forma Pauperis ("IFP"), along with his proposed Complaint, on March 2, 2018. Dkt. #1. After Plaintiff corrected a deficiency with that motion, the Court granted IFP status, and the Court filed his Complaint. Dkt. #5. Plaintiff filed an Amended Complaint on March 29, 2018. Dkt. #8.

ORDER
PAGE - 1

In his Amended Complaint, Plaintiff alleges that he began working as an employee for ProKarma in October 2015. *See* Dkt. #8 at 8. He was hired as a "W2 contractor/employee status at the offices of T-Mobile in Bellevue, WA. Plaintiff was hired as a senior lead software architect to 'mentor' and 'train' the junior members of the team, all from 'India'. Plaintiff was the only US Citizen along with Levi Ross. . . ." *Id.* at 6. Plaintiff's alleged national origin is American and his race is white. *Id.* at 7. He asserts that he is "Type II Diabetic" and is "over 40 years old." *Id.* at 5-6.

Plaintiff further alleges that he suffered discriminatory employment termination on the basis of his age, race and national origin. Specifically, Plaintiff alleges that, while he worked as a contractor at the offices of T-Mobile, the members of his team, all of whom he alleges were Indian, refused to follow his direction based on the fact that he was a white American. Dkt. #8 at 5. He alleges that he asked for reasonable accommodation based on his stressful and hostile work environment, but that he was not provided any accommodation unless or until he provided a doctor's note, which he was unable to provide. *Id.* at 5-6. He alleges that no one at ProKarma or T-Mobile stopped the unlawful discrimination against him because he was a non-Indian, and, as a result, he was forced to resign from employment with ProKarma. *Id.* at 6-8. His employment ended two months after he began, in December 2015. *Id.*

Following his resignation, Plaintiff signed a Confidential Severance Agreement and General Release with ProKarma on or about January 12, 2016. Dkt. #18-1.

On July 24, 2016, Plaintiff filed a charge with the Equal Employment Opportunity Commission ("EEOC"). Dkt. #19, Exhibit A to Ex. 1. The charge alleged discrimination and/or harassment on the basis of race, color and national origin in violation of Title VII. *Id.* The EEOC closed Plaintiff's charge on December 4, 2017, stating that "Charging Party signed a severance agreement with a release and waiver." Dkt. #8-15. The instant lawsuit followed.

ORDER
PAGE - 2

## III. DISCUSSION

### A. Legal Standards

#### 1. *Motions for Lack of Jurisdiction under 12(b)(1)*

Federal courts are tribunals of limited jurisdiction and may only hear cases authorized by the Constitution or a statutory grant. *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377, 114 S. Ct. 1673, 128 L. Ed. 2d 391 (1994). The burden of establishing subject-matter jurisdiction rests upon the party seeking to invoke federal jurisdiction. *Id.* Once it is determined that a federal court lacks subject-matter jurisdiction, the court has no choice but to dismiss the suit. *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514, 126 S. Ct. 1235, 163 L. Ed. 2d 1097 (2006); Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

A party may bring a factual challenge to subject-matter jurisdiction, and in such cases the court may consider materials beyond the complaint. *PW Arms, Inc. v. United States*, 186 F. Supp. 3d 1137, 1142 (W.D. Wash. 2016) (citing *Savage v. Glendale Union High Sch.*, 343 F.3d 1036, 1039 n. 2 (9th Cir. 2003); *see also McCarthy v. United States*, 850 F.2d 558, 560 (9th Cir. 1988) ("Moreover, when considering a motion to dismiss pursuant to Rule 12(b)(1) the district court is not restricted to the face of the pleadings, but may review any evidence, such as affidavits and testimony, to resolve factual disputes concerning the existence of jurisdiction."). Defendants bring such a challenge in the instant motion. Thus, the Court considers documents submitted by both parties in the context of its jurisdictional analysis.

#### 2. *Motion to Dismiss under 12(b)(6)*

On a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), all allegations of material fact must be accepted as true and construed in the light most

ORDER
PAGE - 3

favorable to the nonmoving party. *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337-38 (9th Cir. 1996). However, the court is not required to accept as true a "legal conclusion couched as a factual allegation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). The Complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id.* at 678. This requirement is met when the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Absent facial plausibility, Plaintiffs' claims must be dismissed. *Twombly*, 550 U.S. at 570.

Though the Court limits its Rule 12(b)(6) review to allegations of material fact set forth in the Complaint, the Court may consider documents of which it has taken judicial notice. *See* FRE 201; *Swartz v. KPMG LLP*, 476 F.3d 756, 763 (9th Cir. 2007). Here, the Court has taken judicial notice of a severance agreement between the parties, which was incorporated by reference in the Amended Complaint, as well as a notice of charge of discrimination also incorporated by reference in the Amended Complaint. Dkts. #18-1 and #19; FRE 201; *Lee v. City of Los Angeles*, 250 F.3d 668, 688-89 (9th Cir. 2001).

**B. Jurisdiction**

The Court first addresses Defendants' argument that this Court lacks jurisdiction to hear Plaintiff's Title VII claims because he failed to timely file them with the EEOC. Dkt. #18 at 11-12. To establish subject matter jurisdiction over his or her Title VII claims, a plaintiff must have exhausted his or her administrative remedies by filing a timely charge with the EEOC. *See, e.g., Vasquez v. Cnty. of Los Angeles*, 349 F.3d 634, 644 (9th Cir. 2003), *as amended* (Jan. 2, 2004). "Generally, a Title VII plaintiff must file an administrative charge with the EEOC within 180 days of the last act of discrimination." *MacDonald v. Grace Church Seattle*, 457 F.3d 1079,

ORDER
PAGE - 4

1081-82 (9th Cir. 2006). "However, the limitations period is extended to 300 days if the plaintiff first institutes proceedings with a 'State or local agency with authority to grant or seek relief from such practice.'" *Id.* (citing 42 U.S.C. §2000e-5(e)(1).)

In the instant matter, Plaintiff instituted proceedings with the EEOC. Dkt. #19-1. There is no evidence that Plaintiff instituted proceedings with the Washington State Human Rights Commission or any other state or local agency with authority to grant relief before he filed his charge with the EEOC. Accordingly, he had 180 days from the date of when the last "alleged unlawful employment practice occurred" to file his charge. 42 U.S.C. § 2000e-5(e)(1). Plaintiff resigned from employment on December 28, 2015, and also alleged that the same date was the "latest" date of alleged discrimination. Dkts. #8 at 8 and #19-1. He swore out his charge on July 24, 2016, which was received by the EEOC on July 29, 2016. Thus, his charge was filed 209 days after his resignation.

Plaintiff admits that he did not file his EEOC charge within the 180-day time limit. Dkt. #21 at 2-3. He states that the reason for this is because he "was **CONSUMED** by the **BREACH OF SECURITY**" that impacted his life at that time. *Id.* (emphasis in original). The Court has construed Plaintiff's argument as one for tolling his 180-day time period.

Here the Court finds no basis to apply equitable tolling. *Stoll v. Runyon*, 165 F.3d 1238, 1242 (9th Cir. 1999) (explaining that equitable tolling is warranted "when extraordinary circumstances beyond the plaintiff's control made it impossible to file a claim on time"). While Plaintiff asserts that he suffered great stress during that time period as a result of his income tax information being hacked and then used to file a fraudulent tax return, his own evidence demonstrates that he was actively pursuing remedies for that breach and does not support an assertion that he could not have timely sworn and filed his complaint with the EEOC in the same

ORDER
PAGE - 5

time period. *See* Dkt. #21-1. As a result, Plaintiff's claims for discrimination under Title VII are time barred, and this Court lacks jurisdiction to hear them.

Likewise, the Court agrees with Defendants that Plaintiff failed to administratively exhaust his claims for age and disability discrimination. Dkt. #18 at 13-15. Again, Plaintiff admits he failed to exhaust these claims, but states that it was for the same reason he failed to file his EEOC claim within the 180-day time limit. Dkt. #21 at 7. Because Plaintiff failed to raise these claims at all before the EEOC or any other state or local agency, this Court lacks jurisdiction to hear them. Accordingly, those claims must also be dismissed.

The Court need not reach the Defendants' other bases for dismissal of these claims, or Plaintiff's other arguments in response to the motion. Further, the Court notes that Plaintiff has not raised any state law claims in his Amended Complaint, and therefore the Court dismisses Plaintiff's claims in their entirety.

**C. Leave to Amend**

Ordinarily, leave to amend a complaint should be freely given following an order of dismissal, "unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987); *see also DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992) ("A district court does not err in denying leave to amend where the amendment would be futile." (citing *Reddy v. Litton Indus., Inc.*, 912 F.2d 291, 296 (9th Cir. 1990)). The Court declines to grant such leave in this case. The Court concludes that granting leave to amend the dismissed claims would be futile given the Court's lack of jurisdiction over his claims.

///

///

## IV.  CONCLUSION

This Court, having reviewed Defendants' motion, Plaintiff's opposition, Defendants' reply, and the declarations and exhibits in support thereof, along with the remainder of the record, hereby finds and ORDERS:

1. Defendants' Motion to Dismiss (Dkt. #18) is GRANTED and Plaintiff's claims are dismissed in their entirety.

2. This matter is now CLOSED.

DATED this 29 day of June, 2018.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE